# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT L. LINDSAY, ET AL.,

      Plaintiffs,

VS.                                 Case No 2:04CV76

MARSHALL L. KING, ET AL.,

      Defendants.

## ORDER, OPINION AND REPORT AND RECOMMENDATION

## OPINION/REPORT AND RECOMMENDATION

On the 27th day of July, 2005 came the parties to the within civil action by their respective legal counsel for a FRCivP 16 telephone status conference and motion hearing in accord with the July 5, 2005 Order referring the case to the undersigned for pre-trial development.

During the FRCivP 16 conference and hearing the undersigned heard arguments from counsel for the parties relative to Defendant Pembleton Forest's Motion To Dismiss (Docket Entry 15) Plaintiff's Robert L. Lindsay, Shirley Lindsay and Angela Dawn Simmons upon the grounds that the action was properly brought and maintained only by the decedent's administrator and was and is not properly brought and maintained by individual heirs of the decedent. Plaintiff's counsel conceded the issue and represented on the record that he did not file a response because he believed the motion should be granted and the individual parties plaintiff should be dismissed.

Upon consideration of all which it is the **RECOMMENDATION** of the undersigned that Defendant Pembleton Forest's Motion To Dismiss (Docket Entry 15) Robert. L. Lindsay, Shirley Lindsay and Angela Dawn Simmons be **GRANTED** and that Robert L. Lindsay, Shirley Lindsay and Angela Dawn Simmons be **DISMISSED** as parties plaintiff to this civil action.

Any party may, within ten (10) days after being served with a copy of this Report and

Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

## **ORDER**

Upon consideration of the arguments of counsel, the written memorandums filed in support and in opposition to Defendant Pembleton Forest's and Defendant Irby's Motions (Docket Entries 78 and 84 respectively) seeking to exclude plaintiff's expert witnesses or to expand the time for disclosure of the Defendant's own expert witnesses because the Plaintiff failed to timely file his expert witness reports, the Court finds that substantial justice will be served by granting the motions to the extent only that each seeks an expansion of time within which to provide disclosure of their own expert witnesses and reports subsequent to Plaintiff's disclosure of his expert witnesses and their reports. Accordingly, Plaintiff shall provide disclosure of his expert witnesses together with their written reports not later than August 10, 2005; Defendants shall have until September 5, 2005 within which to disclose their expert witnesses together with their written reports; and Plaintiff and Defendants shall each have until September 15, 2005 to disclose any rebuttal expert witnesses together with their written reports. To the extent that the provisions of this order are in conflict with the provisions of a prior scheduling order, the provisions of this order are controlling. For docket entry purposes, Defendants' Motions: Docket Entry 78 and Docket Entry 84 is each **GRANTED**.

Plaintiff's Motion To Amend his complaint (Docket Entry 126) seeking to ad a claim of third

party bad faith against an insurance carrier in order to defeat the effect of a recently enacted West Virginia statutory provision prohibiting the filing of such actions and Defendant Pembleton's motion for a protective order to prevent the taking of a corporate designated witness until such time as Plaintiff complies with the rule requiring the party seeking to take a corporate designee's deposition to identify the subject matters of inquiry is taken under consideration.

It is so **ORDERED.**

The Clerk of the United States Court for the Northern District of West Virginia is directed to provide a copy of this Order and Opinion/Report and Recommendation to all counsel of record.

DATED: July 27, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE