# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT L. LINDSAY, ET AL.,
        Plaintiffs,

v.                                                          Case No 2:04CV76

MARSHALL L. KING, ET AL.,
        Defendants.

## ORDER/OPINION

On March 7, 2006, the Court entered an Order memorializing its oral order of September 14, 2005. The March 7, Order stated, in pertinent part: "For reasons apparent to the Court and stated on the record of the hearing held September 14, 2005, Defendant Pembleton Forest Products, Inc.'s ("Pembleton") 'First Motion to Compel Christopher Johnson d.b.a. Christopher Johnson & Sons Trucking to Respond to Discovery' [Docket Entry 149] is **GRANTED**."

On April 27, 2006, Pembleton moved the Court for an "Order Awarding Attorneys' Fees" [Docket Entry 205]. Defendant Christopher Johnson, D.B.A. Johnson & Sons Trucking, Inc. ("Johnson") objected to the Motion in its May 10, 2006, "Response" [Docket Entry 207].

F. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, <u>or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust</u>.

(Emphasis added). Upon review of the docket, the motions and memoranda, and the recording of the hearing of September 14, 2005, the undersigned finds Johnson was substantially justified in not producing "signed, usable" documents due to its arguably reasonable belief that it would shortly be completely dismissed from the case. Further, Johnson did produce the requested documents, just not in the form of a signed pleading. Finally, despite its belief that it had been dismissed from the

case by Order, Johnson agreed to produce the documents again in a signed pleading.

For all the above reasons, the undersigned finds the award of expenses and fees regarding this issue would be unjust, and therefore Pembleton's "Motion for Entry of the 'Order Awarding Attorneys' Fees to Defendant Pembleton Forest Products, Inc." [Docket Entry 205] is **DENIED**.

It is so **ORDERED.**

The Clerk of the United States Court for the Northern District of West Virginia is directed to provide a copy of this Order and Opinion/Report and Recommendation to all counsel of record.

DATED: July 19, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE